**Opinion issued July 2, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00784-CV**

_____

**IN THE MATTER OF J.F.S., A CHILD**

---

**On Appeal from County Court at Law No. 3**
**Brazoria County, Texas**
**Trial Court Case No. JV24239**

---

**MEMORANDUM OPINION**

Appellant J.F.S. pleaded true to two allegations of delinquent conduct for burglary of a habitation and deadly conduct. *See* Tex. Fam. Code § 51.03(a); *see also* TEX. PENAL CODE § 30.02(c)(2) (burglary of habitation, second-degree felony as alleged); *id.* § 22.05(a) (deadly conduct, Class A Misdemeanor). The trial court found him delinquent and placed him on probation for fifteen months. The State

subsequently moved to revoke J.F.S.'s probation, alleging multiple violations of the terms of his probation. J.F.S. pleaded true to the allegations in the motion to revoke, and the trial court ultimately revoked J.F.S.'s probation and sentenced him to commitment to the Texas Juvenile Justice Department for an indeterminant period of time not to exceed the date that J.F.S. turns nineteen years old. J.F.S. appeals the trial court's order.

J.F.S.'s appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (holding that *Anders* procedures apply to juvenile appeals).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has certified that he mailed a copy of the motion to withdraw and the *Anders* brief to J.F.S. and informed J.F.S. of his right to file a response and

2

access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel certified that he complied with the requirements of *Kelly v. State*. *See* 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). J.F.S. did not file a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).

Accordingly, we affirm the judgment of the trial court. We further deny counsel's motion to withdraw on the grounds that the Supreme Court of Texas has held that the right to counsel extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (holding same in context of parental-termination appeals). This Court has applied *In re P.M.* in juvenile appeals. *In re A.C.*, No. 01-15-00931-CV, 2016 WL 1658777, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2016, no pet.) (mem.

3

op.). We thus conclude that counsel's obligations to J.F.S. have not yet been discharged. If J.F.S., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Supreme Court of Texas "a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 28; *In re A.C.*, 2016 WL 1658777, at *1 (denying motion to withdraw in juvenile case); *see also In re K.A.E.*, 647 S.W.3d 791, 792 (Tex. App.—San Antonio 2022, no pet.) (applying *In re P.M.* in juvenile case). For these reasons, we deny counsel's motion to withdraw. We dismiss any other pending motions as moot.

Richard Hightower
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.